**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| **CAROL BRIGLEB,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.: 1:26-cv-00088 |
| | * | |
| **LUCID USA, INC.,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| Please Serve: | * | |
| Registered Agent | * | |
| Corporation Service Company | * | |
| 100 Shockoe Slip, Fl 2 | * | |
| Richmond, VA 23219 | * | |

## COMPLAINT

Now into Court, through undersigned counsel, comes the Plaintiff, Carol Brigleb and moves the Court for judgment against Defendant Lucid USA, Inc. on the basis of the following facts and laws:

## JURISDICTION

1. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code §1331. The Plaintiff asserts a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S. Code §§2301-2312. The amount in controversy exceeds $50,000.00.
2. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code §1332, Plaintiff is a citizen of Fairfax County, Virginia and Defendant Lucid USA, Inc. is a corporation organized under the laws of Delaware with a

principal place of business in Newark, California (Alameda County, CA). The amount in controversy exceeds $75,000.00.

## VENUE

3. Venue in this Honorable Court is proper pursuant to 28 U.S. Code §1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claim occurred. Venue in the Alexandria Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4. On October 20, 2025, the Plaintiff leased a 2026 Lucid Gravity Grand Touring all-electric sport utility vehicle VIN: 7UUG1GHJ0TA048744 for $110,050.00 from Lucid Tysons Galleria located in McLean, Virginia, an authorized dealer and warranty service and repair agent of Defendant Lucid USA, Inc.
5. The Subject Vehicle was manufactured and/or distributed by the Defendant Lucid USA, Inc.
6. The Subject Vehicle came with a 2026 Lucid New Vehicle Limited Basic Warranty providing coverage for four years/50,000 miles; Powertrain for eight years/100,000 miles; and High Voltage Battery for 8 years/100,000 miles.
7. Before delivery, the vehicle required replacement of a rear seat, signaling early quality concerns. After delivery, Plaintiff Brigleb’s vehicle repeatedly failed to start due to key-detection errors, rendering it inoperable. These failures occurred on multiple occasions, leaving Plaintiff stranded, including late at night while alone.

Each time, Plaintiff required technical roadside assistance from Lucid Customer Care to remotely "*reboot*" the vehicle so she could enter and start the vehicle. The most serious incident occurred on New Year's Eve during snowy conditions, when Plaintiff was 140 miles from home. The vehicle again failed to recognize her key and became entirely inoperable, requiring a tow-in to the repair shop at Lucid in Tysons Corner, Virginia. Even the tow truck driver struggled to start the vehicle to load/offload it from his transport truck. The vehicle remains at Lucid's repair shop as of the filing of this lawsuit.

8. Defects such as these are serious safety defects, creating an unreasonable risk of harm for for Plaintiff Brigleb, who is in her 70s, and for her most frequent passenger—her 87-year-old husband, who is especially vulnerable due to Parkinson's disease and dementia. Because of the vehicle's repeated access and start malfunctions and its unreliable heating performance during winter, Plaintiff has been forced to alter her routines, avoid night travel, and limit trips beyond 10 miles from home. She must wrap her husband's legs with a blanket during transport because the vehicle's heater malfunctions by blowing cold air into the footwells of the driver and passenger seats, further compromising safety in cold weather.

9. In addition to these access, starting, and heating defects, Plaintiff repeatedly encountered malfunctions involving Lucid's "*DreamDrive*" system -- the vehicle's advanced driver assistance platform critical for lane-keeping and collision avoidance. Plaintiff continually received error warnings indicating that DreamDrive was not operating properly.

10. Additional defects and malfunctions were documented during multiple warranty service and repair visits to Lucid's repair center in Tyson's Corner: steering wheel heating malfunctions; erroneous right hand traffic alerts while the vehicle was stationary; and recurring Bluetooth microphone failures that produce faint, unclear audio during phone calls – impairing safe, hand-free communication for the Plaintiff.

11. Despite multiple repair attempts by both Lucid Customer Care and Lucid's warranty repair and service center on October 31, 2025, November 10, 2025, December 17, 2025, and January 1, 2026, the defects remain unresolved. The vehicle has been out of service for a cumulative total exceeding 30 days. This prolonged period of non-conformance has caused significant inconvenience and has not been resolved satisfactorily under the warranty terms.

12. Plaintiff provided Defendant Lucid and its authorized sales and warranty repair agents with written notice of the vehicle's defects on multiple occasions, yet the defects persist, significantly impairing the vehicle's use, market value, and safety.

## COUNT ONE
## VIOLATION OF THE MOTOR VEHICLE WARRANTY ENFORCEMENT ACT
## VIRGINIA CODE § 59.1-207.11 ET SEQ. *"LEMON LAW"*

13. The facts alleged in all preceding Paragraphs are re-pled and incorporated herein by reference.

14. The Plaintiff is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act (hereafter referred to as the *"Virginia Lemon Law"*) Virginia Code §59.1-207.11 et seq. Defendant General Motors LLC is a manufacturer as

defined by Virginia Code §59.1-207.11 et seq and received due notice under the same statute.

15. In enacting the Virginia Lemon Law, the Virginia General Assembly recognized that *"a motor vehicle is a major consumer purchase, and there is no doubt that a defective motor vehicle creates a hardship for the consumer."* Virginia Code §59.1-207.10. as such, it was *"the intent of the General Assembly that a good faith motor vehicle warranty complaint by a consumer should be resolved by the manufacturer, or its agent, within a specified period of time."* Id. Plaintiff's defective motor vehicle has in fact, created a serious hardship for Plaintiff and Defendant has failed to resolve the warranty defects despite multiple good faith attempts by Plaintiff.

16. The Virginia Lemon Law requires a manufacturer to conform the motor vehicle to all applicable warranties that are provided to the consumer. See, Virginia Code §59.1-207.12. The Virginia Lemon Law further states that *"[i]f the manufacturer, its agents or authorized dealers do not conform the motor vehicle to any applicable warranty by repairing or correcting any defect or condition, including those that do not affect the drivability of the motor vehicle, which significantly impairs the use, market value, or safety of the motor vehicle to the consumer after a reasonable number of attempts during the Lemon Law rights period, the manufacturer shall: (1) replace the motor vehicle with a comparable motor vehicle acceptable to the consumer, or (2) accept return of the motor vehicle and refund the consumer, lessor, and any lienholder as their interest may appear the full contract price, including all collateral charges, incidental damages, less a*

*reasonable allowance for the consumer's use of the vehicle up to the date of the first notice of nonconformity that is given to the manufacture, its agents or authorized dealer."* See, Virginia Code §59.1-207.13(A).

17. Specifically, Virginia Code §59.1-207.13(B)(1) provides that "*It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer… the same nonconformity has been subject to repair three or more times by the manufacturer, its agents or its authorized dealers and the same nonconformity continues to exist*." The Plaintiff's vehicle has been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value, and safety. The Plaintiff's vehicle has a defective and recurring key-detection failure, rendering the vehicle completely inoperable, that has been the subject of repair three or more times, and the defect still exists. This significantly impairs the use, market value, and safety of the Subject Vehicle.

18. Virginia Code §59.1-207.13(B)(2) states that if the nonconformity or defect is a serious safety defect and has been subject to repair one or more times by the manufacturer, its agents or its authorized dealers and the same nonconformity continues to exist it is presumed the vehicle has been subject to repair a reasonable number of times and the motor vehicle is significantly impaired and unfit, unreliable, and unsafe for ordinary use or reasonable intended purposes. The Plaintiff's vehicle qualifies for this presumption.

19. Defendant Lucid USA, Inc. has been unable to repair Plaintiff's vehicle after a reasonable number of repair attempts. Specifically, Virginia Code §59.1-207.13(B)(3) provides that "*It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer… the motor vehicle is out of service due to repair for a cumulative total of thirty calendar days, unless such repairs could not be performed because of conditions beyond the control of the manufacturer, its agents or authorized dealers, including war, invasion, strike, fire, flood, or other natural disasters."* The Plaintiff's vehicle has been out of service for more than 30 days and is therefore presumed to have been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value, and safety.

20. Plaintiff seeks to recover as damages for the total delivered price of $110,050 all collateral charges, finance charges, incidental damages, monetary consequential damages, rescission of the contract, compensation in the amount of $20,000 for inconvenience and loss of use, reasonable attorney's fees at a rate of $750.00 per hour or one-third of whatever is recovered, whichever is greater, and all other relief law and equity may provide. See, Virginia Code §59.1-207.14.

**COUNT TWO**
**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

21. The facts alleged in all preceding paragraphs are incorporated herein by reference.

22. The Plaintiff is a consumer as defined in 15 U.S. Code §2301(3). Defendant is a supplier and warrantor as defined in 15 U.S. Code §2301(1).

23. The vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiff as a part of the purchase as those warranties met the definition of written warranty and implied warranty as contained in 15 U. S. Code §2301 (6)(7), respectively.

24. The Limited Warranty has failed its essential purpose, and the Defendant has violated the Act due to its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code §2304(a)(1) and (4).

25. Defendant has also breached its implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used. 15 U.S. Code §2308, 2310(d).

WHEREFORE, Plaintiff Carol Brigleb moves the Court for judgement against Defendant Lucid USA, Inc. in the amount of the purchase price of the Subject Vehicle $110,050.00 as well as all incidental costs, compensation in the amount of $20,000.00 for inconvenience and loss of use, interest payments, reasonable attorney fees in the amount of $750.00 per hour, or one-third of the amount recovered, whichever of the two

is greater, expert witness fees, pre-judgement interest running from the date of the first repair attempt, post-judgement interest, court costs, and all other damages, equity and/or law may seem meet.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted**,**

**CAROL BRIGLEB**

By: /s/ James B. Feinman, Esq
Of counsel

James B. Feinman, Esq., (VSB # 28125)
James B. Feinman, Attorney at Law
P.O. Box 697
Lynchburg, VA 24505
(434) 846-7603 - phone
(434) 846-0158 - fax
jb@jfeinman.com
*Counsel for Plaintiff*